**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **CHRISTOPHER FORREST-BEY, SR.,** ) | **CASE NO. 1:20 CV 801** |
| ) | |
| **Plaintiff,** ) | **JUDGE DAN AARON POLSTER** |
| ) | |
| vs. ) | |
| ) | **MEMORANDUM OF OPINION** |
| **ARMOND BUDDISH**, *et al*., ) | **AND ORDER** |
| ) | |
| **Defendants.** ) | |

*Pro se* Plaintiff Christopher Forrest-Bey, Sr., filed this action against Cuyahoga County Executive Armond Buddish, former Regional Correctional Center Director Kenneth Mills, former Cuyahoga County Correctional Center Warden Eric Ivey, Cuyahoga County Correctional Center Deputy Warden Alw O'Donnell, Ohio Department of Rehabilitation and Correction ("ODRC") Director Annette Chambers-Smith, Cuyahoga County Spokesperson Mary Louise Madigan, former Cuyahoga County Sheriff Clifford Pinkney, Cuyahoga County Corrections Center Mailroom Clerk Wanda Gordon and Cuyahoga County Corrections Center Mailroom Clerk John Hennessee. In the Complaint (Doc. # 1), Plaintiff objects to conditions he experienced when he was housed as a pretrial detainee at the Cuyahoga County Corrections Center. He seeks monetary damages.

## I. BACKGROUND

Plaintiff states he was a pretrial detainee in the Cuyahoga County Corrections Center ("CCCC") from September 2007 until August 1, 2019. He contends that under Mills's leadership, Cuyahoga County acquired city jails which they staffed and operated in part by reassigning officers from the CCCC. He alleges that this caused staff shortages at the CCCC which resulted in drastic curtailment of inmate movement and activities in the jail. Specifically, he alleges he and other inmates experienced "red zones" in which they were locked down for extended periods of time that could last for up to twenty-seven hours. During this time, their recreation time was limited and always indoors. They also were given limited access to the showers, and limited opportunities to call their attorneys. He indicates the shared television had only a 13 inch screen.

He also complains of general conditions in the CCCC. In addition to the red zone restrictions on movement, he contends that the lighting was insufficient and they were required to eat meals in their cells in close proximity to a toilet. He states the Warden did not establish a grievance procedure. He claims the pipes are old and the heating in the cells is inadequate. He states the vents need to be cleaned out.

Plaintiff also claims that his incoming and outgoing mail is being searched and read. He states a letter to his mother was turned over the prosecutor. Other letters took longer than average to reach the intended recipient.

Finally, Plaintiff alleges Metro Health Medical staff at the CCCC are not providing the inmates with proper care. He contends inmates are required to purchase medications from the prison commissary. He indicates requests for treatment are often late to receive a response. He

states he slipped and fell and was denied treatment. He does not indicate what injury, if any, he sustained.

Although Plaintiff makes numerous allegations, the only federal legal claims Plaintiff identifies are those arising under the Eighth Amendment. He contends Mills, O'Donnell and Ivey implemented policies including the purchase of city jails which led to staff shortages and restricted conditions for inmates. He states he sent letters to Pinkney and Buddish but received no response. He claims Smith is liable for Eighth Amendment violations because she failed to properly supervise those in authority over the jail. He assert Madigan violated his Eighth Amendment rights by misrepresenting conditions in the jail in her press releases. Finally, he asserts that Metro Health medical personnel in the CCCC refused to provide him with medical care when he slipped and fell. Plaintiff alleges his mail was delayed and one letter was turned over to the prosecutor violating his rights. He, however, does not identify a constitution right that was violated.

## II. STANDARD OF REVIEW

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998)

### III. ANALYSIS

As an initial matter, the CCCC is owned and operated by Cuyahoga County. It is not under the authority and control of the ODRC, which is a state agency. Contrary to Plaintiff's assertion, ODRC Director Annette Chambers-Smith is not entrusted with supervisory authority over CCCC personnel. She has no connection to the operations of the CCCC.

Buddish and Pinkney, as the Cuyahoga County Executive and the former Cuyahoga County Sheriff arguably did have supervisory authority over the CCCC. Nevertheless, Plaintiff cannot hold them liable for the actions of others based solely on a theory of *respondeat superior* liability. He alleges only that he complained to them in letters but did not receive an adequate response. *Respondeat superior* is not a proper basis for liability under § 1983. *Leary v.*

*Daeschner,* 349 F.3d 888, 903 (6th Cir.2003); *Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir.), *cert. denied,* 469 U.S. 845, 105 S.Ct. 156, 83 L.Ed.2d 93 (1984). The liability of supervisors cannot be based solely on the right to control employees, nor "simple awareness of employees' misconduct." *Leary,* 349 F.3d at 903; *Bellamy,* 729 F.2d at 421. Furthermore, "a supervisory official's failure to supervise, control or train the offending individual is not actionable unless the supervisor 'either encouraged the specific incident of misconduct or in some other way directly participated in it.' " *Shehee v. Luttrell,* 199 F.3d 295, 300 (6th Cir.1999) (quoting *Hays v. Jefferson County,* 668 F.2d 869, 874 (6th Cir.1982)). "At a minimum a Plaintiff must show that the [supervisor] at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers." *Id.* (quoting *Hays,* 668 F.2d at 874). Plaintiff does not allege facts suggesting that Buddish or Pinkney were personally involved in the day to day operations of the jail and knowingly approved of the actions that were taken.

In addition, Plaintiff does not assert any specific legal claims against the mailroom clerks Gordon or Hennessee. He states only that his rights were violated. To meet basic notice pleading requirements, the Complaint must give the Defendants fair notice of what the Plaintiff's claims are and the grounds upon which they rest. *Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008). Plaintiff's vague statement that his rights were violated does not adequately identify a legal claim Plaintiff intends to pursue. Although the Court reads *pro se* pleadings more liberally than those drafted by attorneys, it is not the role of the Court to construct possible but potentially not asserted claims for any party, including a *pro se* Plaintiff, and then proceed to test whether the asserted facts fit that claim or claims so as

-5-

to evade dismissal of a Complaint. The Court's role is to adjudicate disputes, not assist in asserting them. Plaintiff failed to state a claim against these Defendants.

Plaintiff's remaining claims are stated as violations of the Eighth Amendment. "The Eighth Amendment prohibition on cruel and unusual punishment protects prisoners from the 'unnecessary and wanton infliction of pain.'" *Baker v. Goodrich*, 649 F.3d 428, 434 (6th Cir. 2011) (quoting *Whitley v. Albers*, 475 U.S. 312, 319 (1986)). Pretrial detainee claims, though they arise under the Due Process Clause of the Fourteenth Amendment rather than the Eighth Amendment, *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244 (1983), are analyzed under the same rubric as Eighth Amendment claims brought by prisoners. *See Roberts v. City of Troy*, 773 F.2d 720, 723 (6th Cir.1985) (citing *Bell v. Wolfish*, 441 U.S. 520, 545 (1979)).

The Supreme Court in *Wilson v. Seiter*, 501 U.S. 294, 298 (1991), set forth a framework for courts to use when deciding whether certain conditions of confinement constitute cruel and unusual punishment prohibited by the Eighth Amendment. A plaintiff must first plead facts which, if true, establish that a sufficiently serious deprivation has occurred. *Id.* Seriousness is measured in response to "contemporary standards of decency." *Hudson v. McMillian*, 503 U.S. 1,8 (1992). Routine discomforts of prison life do not suffice. *Id.* Only deliberate indifference to serious medical needs or extreme deprivations regarding the conditions of confinement will implicate the protections of the Eighth Amendment. *Id.* at 9. Plaintiff must also establish a subjective element showing the prison officials acted with a sufficiently culpable state of mind. *Id.* Deliberate indifference is characterized by obduracy or wantonness, not inadvertence or good faith error. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). Liability cannot be predicated

solely on negligence. *Id*. A prison official violates the Eighth Amendment only when both the objective and subjective requirements are met. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

Plaintiff asserts three Eighth Amendment claims. First, he contends the conditions in the CCCC violate the Eighth Amendment. Next, he asserts Madigan's statements about jail conditions violated the Eighth Amendment. Finally, he contends Metro Health Medical Center personnel denied him medical care in violation of the Eighth Amendment.

The first step in an Eighth Amendment inquiry is to determine whether the conditions presented are objectively serious to rise above an ordinary tort law claim to that of a constitutional claim. With respect to the conditions of confinement, Plaintiff alleges he was confined to his cell during red zone periods which could last up to 27 hours. He claims their exercise periods, showers, and telephone times were limited. He complains the television in the common room was only thirteen inches. He contends the lighting was insufficient. He states meals were served in the cells, necessitating eating close to the toilet. He alleges he was not provided with an effective grievance procedure. He contends the pipes were old and the heating was not sufficient. He states the vents needed to be cleaned. These conditions as described by Plaintiff are undoubtedly uncomfortable; however, an Eighth Amendment claim requires the Plaintiff to allege facts suggesting he was denied some element of civilized human existence. *Wilson v. Seiter*, 501 U.S. 294, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991); *see also Hudson v. McMillian*, 503 U.S. 1, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992); *Street v. Corrections Corp. of America*, 102 F.3d 810, 814 (6th Cir.1996). Plaintiff does not allege facts to suggest that he was subjected to conditions that posed a serious and substantial threat to his health or safety.

Similarly, he contends Madigan violated his rights by failing to give a complete and adequate picture to the public about the conditions in the jail.  Verbal comments, even those which are harassing or offensive, do not rise to the level of an Eighth Amendment violation. *See Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir.1987); *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987).

Finally, Plaintiff alleges Metro Health Medical personnel at the CCCC denied him medical care.  He alleges that he was required to purchase over-the-counter medications through the commissary.  He does not indicate what medical conditions he has that require medication.  He also alleges that he slipped and fell and was denied medical care.  He does not provide any additional detail regarding the incident including whether he actually sustained an injury, and if so, what that injury was.  Plaintiff's allegations are not sufficient to suggest he was denied treatment for serious medical needs.

Furthermore, Plaintiff has not alleged to facts to suggest the Defendants were deliberately indifferent to his situation.  The subjective component of an Eighth Amendment claim requires a showing that prison officials knew of, and acted with deliberate indifference to, an inmate's  health or safety. *Wilson*, 501 U.S. at 302-03.  Deliberate indifference "entails something more than mere negligence." *Farmer*, 511 U.S. at 835.  This standard is met if "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Flanory v. Bonn*, 604 F.3d 249, 253-55 (6th Cir. 2010)(citing *Farmer*, 511 U.S. at 837).  Plaintiff does not allege facts that suggest any particular Defendant acted with this state of mind.  This is particularly true with respect to his

claims against Metro Health Medical personnel. He does not name any particular individual against whom this claim is asserted.

### IV. CONCLUSION

Accordingly, this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

**IT IS SO ORDERED**.

    s/*Dan Aaron Polster*    Aug. 27, 2020
**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**

---

[1] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.

-9-